IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAPITOL INDEMNITY CORPORATION,    :

      Plaintiff,    :

      vs.    :

DAYTON BOARD OF EDUCATION,    :
et al.,    :

      Defendants.    :

Case No. 3:03cv404

JUDGE WALTER HERBERT RICE

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #77); DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION TO STAY CASE AND ORDER ENTERED ON MARCH 24, 2006, PENDING APPEAL (DOC. #80)

On March 24, 2006, this Court entered a Decision in which it, inter alia, overruled Plaintiff's motion seeking a preliminary injunction, which would have prevented the American Arbitration Association from proceeding with the demand for arbitration filed by Defendant Dayton Board of Education ("Dayton Board"). See Doc. #74.  This case is now before the Court on Plaintiff's Motion for Reconsideration (Doc. #77) and its Motion to Stay Case and Order Entered on March 24, 2006, Pending Appeal (Doc. #80).[1]  As a means of analysis, the Court

---

[1] The Dayton Board's request for sanctions against Plaintiff's counsel has also been filed.  See Doc. #87.  This motion will be ruled upon by separate entry, given that it is not the subject of the pending appeal.

will initially rule upon Plaintiff's request for reconsideration. If it denies that request, it will turn to Plaintiff's motion for a stay.

1. Plaintiff's Motion for Reconsideration (Doc. #77)

Briefly stated, this litigation arises out of contracts between the Dayton Board and a roofing contractor to replace roofs at two elementary schools operated by the former. Plaintiff provided the performance and payment bonds which the roofing contractor was required to post. Since the contracts between the Dayton Board and the roofing contractor contained arbitration provisions, the Dayton Board demanded that the matter be resolved by arbitration, after a dispute over the quality of the roofing contractor's work had arisen. In addition, the Dayton Board demanded that Plaintiff, along with the roofing contractor, arbitrate the dispute, even though Plaintiff was not a party to a contract requiring it to arbitrate such disputes.

Plaintiff initiated this litigation in order to prevent the arbitration from proceeding, and sought a preliminary injunction under the theory that it could not be forced to arbitrate, because it is not a party to an agreement with a clause requiring it to arbitrate disputes with the Dayton Board.[2] In its Decision of March 24, 2006, this Court concluded that, even though Plaintiff was not a party to the contracts containing the arbitration provisions, it was required to arbitrate matters relating to its liability for the roofing contractor's alleged failure to perform. See Doc. #74. Therefore, it granted the roofing contractor's request for an order

---

[2]Plaintiff set forth additional claims in its Amended Complaint, which are not subject to arbitration.

- 2 -

compelling the arbitration to proceed and denied Plaintiff's request to enjoin same. Id. This Court based that conclusion on Exchange Mut. Ins. Co. v. Haskell Co., 742 F.2d 274 (6th Cir. 1984), wherein, the Sixth Circuit held that a surety such as Plaintiff must arbitrate claims arising out of a performance bond, even though the bond did not contain an arbitration clause. That Sixth Circuit decision arose out of a contract between Haskell and Mitchell Homes, under which the former agreed to build a shopping center for the latter. Haskell, in turn, subcontracted part of the work to Rogersville Co., which obtained a performance bond from Exchange Mutual.[3] After a dispute had arisen, Haskell made a demand under the performance bond and initiated arbitration to resolve that demand. Exchange Mutual then brought suit, seeking to enjoin the arbitration. The District Court declined to enjoin the arbitration and dismissed Exchange Mutual's complaint. Upon appeal, the Sixth Circuit affirmed. In particular, that court held that Exchange Mutual was obligated to arbitrate its dispute with Haskell, because the prime contract between Haskell and Mitchell contained an arbitration provision, requiring disputes arising out of or related to that contract be resolved though arbitration, the subcontract between Haskell and Rogersville incorporated by reference the prime contract, and the performance bond incorporated by reference that subcontract. The Sixth Circuit held that arbitration between surety and obligee is required when the performance bond incorporates by reference a contract containing an obligation to arbitrate. Id. at 246.[4] The performance bonds

---

[3]Exchange Mutual, like Capitol, was the surety on that bond, while Haskell, like the Dayton Board, was the obligee.

[4]Other federal courts have reached the same result under similar circumstances. Commercial Union Ins. Co. v. Gilbane Bldg. Co., 992 F.2d 386 (1st Cir. 1993);

- 3 -

issued by Plaintiff herein incorporate by reference the contracts between the Dayton Board and the roofing contractor, and those contracts contain an obligation to arbitrate.

In its request for reconsideration, Plaintiff argues that this Court erred in following Haskell, because that decision is distinguishable. This Court rejects that argument. As an initial matter, Plaintiff has failed to explain why it did not attempt to distinguish Haskell when it briefed its request for preliminary injunctive relief and the roofing contractor's motion seeking an order compelling arbitration. In arguing that it could not be compelled to arbitrate, Plaintiff previously relied upon AgGrow Oils L.L.C. v. National Union Fire Ins. Co., 242 F.3d 777 (8th Cir. 2001), wherein the Eighth Circuit reached a conclusion opposite from that reached by the Sixth Circuit in Haskell, in a case arising under similar circumstances. Indeed, deeming Haskell to be unpersuasively decided, the Eighth Circuit refused to follow it, rather than distinguishing the Sixth Circuit's decision. Id. at 782. Therefore, Plaintiff was aware of Haskell when it filed its previous memoranda, and it has waived the right to present its argument that Haskell is distinguishable, by failing to raise it in timely fashion. However, even if Plaintiff's failure to present its arguments in timely fashion did not constitute a waiver, the Court would reject the assertion that Haskell is distinguishable, given that, in the Court's opinion, said decision is indistinguishable from the facts of the case at bar.

---

United States Fidelity & Guar. Co. v. West Point Constr. Co., 837 F.2d 1507 (11th Cir. 1988). See also, Gingiss International, Inc. v. Bormet, 58 F.3d 328, 331-32 (7th Cir. 1995) (noting that "[u]nder federal law, a subcontract with a guarantor or surety may incorporate a duty to arbitrate by reference to an arbitration clause in a general contract") (footnote omitted).

- 4 -

In sum, given that mandatory authority by the Sixth Circuit is indistinguishable, this Court overrules Plaintiff's Motion for Reconsideration (Doc. #77).[5]

2.  Plaintiff's Motion to Stay Case and Order Entered on March 24, 2006, Pending Appeal (Doc. #80)

With this motion, Plaintiff requests that the Court stay its decision of March 24, 2006, pending appeal.  In Baker v. Adams County/Ohio Valley Sch. Bd., 310 F.3d 927 (6th Cir. 2002), the Sixth Circuit restated the applicable test for determining whether to grant a stay pending appeal:

> The court balances the traditional factors governing injunctive relief in ruling on motions to stay pending appeal.  Thus, we consider (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.  See Grutter v. Bollinger, 247 F.3d 631, 632 (6th Cir. 2001) (order); Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991).  These factors are to be balanced.  The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue.  However, in order to justify a stay of the district court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted.  See In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985).

---

[5]Alternatively, Plaintiff has requested that the Court certify its Decision of March 24, 2006, for an immediate appeal, in accordance with 28 U.S.C. § 1292(b). Plaintiff subsequently realized that the Court's decision refusing to grant the requested injunctive relief is immediately appealable.  See 28 U.S.C. § 1292(a)(1). Therefore, the Plaintiff has filed an interlocutory appeal, rendering its alternative request for relief moot.

Id. at 928.⁶

      Given that Haskell, mandatory Sixth Circuit authority, is indistinguishable from the instant litigation, this Court concludes that Plaintiff has failed to demonstrate serious questions going to the merits.⁷  Moreover, the harm which Plaintiff contends it will suffer in the absence of a stay does not decidedly outweigh the harm that will be inflicted upon others, in the event that the requested stay is granted.  Plaintiff contends that, in the absence of a stay, it will be forced to expend resources participating in the arbitration.  According to Plaintiff, its expenditure of resources will be unnecessary, if the Sixth Circuit concludes that this Court erroneously refused its request for a preliminary injunction.  However, were a stay to be granted, the Dayton Board, in contrast, would be required to endure even further delay in the resolution of its claims against the roofing contractor and Plaintiff.⁸

---

⁶Under 9 U.S.C. § 16(b), the Plaintiff is not entitled to bring an interlocutory appeal, challenging this Court's decision to order that the dispute between it, the Dayton Board and the roofing contractor proceed to arbitration.  Therefore, the Plaintiff's only basis for appealing this matter is to seek review of this Court's decision to deny its request for preliminary injunctive relief.  Accordingly, Plaintiff is in reality seeking an injunction pending appeal, rather than a stay.  However, since this Court applies the same standard, regardless of the relief requested, this Court continues to denominate the relief requested by Plaintiff as a stay, the term it has utilized in its motion.

⁷Moreover, given that this Court has ordered that the arbitration proceed and that the applicable statute prevents Plaintiff from bringing an interlocutory appeal of the decision (see 9 U.S.C. § 16(b)), it is possible that the Sixth Circuit will conclude that Plaintiff's appeal should be dismissed for want of the appellate court's jurisdiction.

⁸Plaintiff suggests that a stay will not cause the Dayton Board to suffer harm, since a stay will not prevent it from proceeding with arbitration against the roofing contractor.  However, if the Sixth Circuit concludes that this Court did not abuse its discretion in refusing to grant Plaintiff the requested injunctive relief, enjoining

- 7 -

Accordingly, the Court overrules Plaintiff's Motion to Stay Case and Order Entered on March 24, 2006, Pending Appeal (Doc. #80).

August 3, 2006

                                              /s/ Walter Herbert Rice
                                              WALTER HERBERT RICE, JUDGE
                                              UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

the arbitration pending appeal would require the Dayton Board to arbitrate the same dispute twice, if that Defendant were to follow Plaintiff's suggestion that it avoid harm by immediately arbitrating its dispute with the roofing contractor.